UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LA SHONNA NELSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-CV-189-CVE-PJC |
| | ) | |
| STANLEY GLANZ, SHERIFF OF TULSA COUNTY, in his individual and official capacities, and BOARD OF COMMISSIONERS OF TULSA COUNTY, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Now before the Court is defendant Stanley Glanz's Partial Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(B)(6) [sic] and Brief in Support (Dkt. # 4) and the Motion for Dismissal of Claims by Defendant Board of County Commissioners (Dkt. # 7). Defendant Stanley Glanz argues that plaintiff has failed to state a claim against him under 42 U.S.C. § 1983, and that plaintiff's request for punitive damages against Glanz in his official capacity should be dismissed. Defendant Board of Commissioners of Tulsa County (the Board) argues that plaintiff failed to exhaust her administrative remedies before asserting a claim against it under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII). The Board also argues that it had no duty to train or supervise plaintiff or regulate her employment in any way, and that it may not be held liable to plaintiff under § 1983.

**I.**

Plaintiff La Shonna Nelson alleges that she has been employed by the Tulsa County Sheriff's Office (Sheriff's Office) since April 2007 and is still employed as a detention officer. Dkt. # 2, at

6. She claims that Caucasian co-workers routinely use racially offensive language and tell racially offensive jokes in her presence. Id. She alleges that a higher-ranking employee, Captain Robinette, told her that "she would have a hard time at the Sheriff's Department being 'black and female.'" Id. Plaintiff alleges that she received less favorable job assignments than Caucasian co-workers, even though she has repeatedly applied for transfers to positions in a different area of the jail. She states that she took a test to become eligible for a deputy position and passed the test, but has been given conflicting explanations as to why she has not been offered a deputy position. She claims that she was originally told that she did not turn her paperwork in on time, but was later told that she failed a background check. Id. at 7. Plaintiff passed a background check before she was hired by the Sheriff's Office and claims that the Sheriff's Office did not explain how she failed a subsequent background check when applying for a deputy position. She also claims that she attempted to complain about the denial of her requests for transfer and promotion to the Internal Affairs Office, but she was told to direct her complaint to her supervisor. Id. at 8. Plaintiff complained to Captain Robinette and he allegedly told plaintiff to re-apply for a deputy position in seven years. Id.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). Dkt. # 10-1. Plaintiff clearly identified Glanz and the Board as her employers. Id. at 9-11. Plaintiff alleged claims of racial discrimination under disparate treatment, disparate impact, and hostile work environment theories, and claimed that her employer(s) retaliated against her for complaining of discriminatory conduct. Plaintiff subsequently filed this case in the District Court of Tulsa County, Oklahoma, alleging that Glanz and the Board discriminated against plaintiff because of her race. She also alleges that defendants intentionally violated her constitutional rights. The petition alleges claims of racial discrimination under Title VII based on

theories of disparate treatment (First Claim), hostile work environment (Second Claim), disparate impact (Fourth Claim), and retaliation (Fifth Claim), and she asserts a claim under § 1983 (Third Claim) alleging that defendants violated her constitutional rights. Dkt. # 2, at 5-13. Plaintiff seeks back pay and front pay, compensatory damages, and punitive damages on each of her claims. Defendants removed the case to federal court on the basis of federal question jurisdiction.

**II.**

The exhaustion of administrative remedies is a jurisdictional prerequisite under Title VII, and the Board's motion to dismiss should be treated as a Fed. R. Civ. P. 12(b)(1) motion to the extent that the Board asserts that plaintiff failed to name the Board as her employer in her EEOC charge. See Shikles v. Sprint/United Management Co., 426 F.3d 1304, 1317 (10th Cir. 2005); Woodman v. Runyon, 132 F.3d 1330, 1342 (10th Cir. 1997). When considering a motion to dismiss under Rule 12(b)(1), the Court must determine whether the defendant is facially attacking the complaint or challenging the jurisdictional facts alleged by the plaintiff. In Holt v. United States, 46 F.3d 1000 (10th Cir. 1995), the Tenth Circuit stated:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. . . . In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.

Id. at 1002-03. The Board relies on evidence outside the pleadings, specifically plaintiff's EEOC charge, and the Court will construe its motion as a factual attack on the jurisdictional facts alleged

3

by plaintiff. When ruling on a factual attack on subject matter jurisdiction, a court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts" without converting the motion into a motion for summary judgment. Stuart v. Colorado Interstate Gas Co., 271 F.3d 1221, 1225 (10th Cir. 2001) (quoting Holt, 46 F.3d at 1003); see also Davis ex rel. Davis v. United States, 343 F.3d 1282, 1295-96 (10th Cir. 2003) (district court had authority to review evidence outside the pleadings on issue of exhaustion of administrative remedies without converting defendant's motion to dismiss into a motion for summary judgment). To defeat the Board's Rule 12(b)(1) motion, "plaintiff must present affidavits or other evidence sufficient to establish the court's subject matter jurisdiction by a preponderance of the evidence." Southway v. Central Bank of Nigeria, 328 F.3d 1267, 1274 (10th Cir. 2003).

The Board and Glanz also seek partial dismissal of plaintiff's claims for failure to state a claim upon which relief can be granted. In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations

4

of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. Of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

## III.

Defendants seek dismissal of some or all of plaintiff's claims. The Board argues that it has no authority to hire, fire, or supervise employees of the Tulsa County Sheriff's Office and that it is not a proper party for plaintiff's § 1983 claim. The Board also asserts that plaintiff failed to exhaust her administrative remedies against the Board, because she did not name the Board as her employer in her EEOC charge. Glanz argues that plaintiff has failed to state a § 1983 claim against him. Glanz and the Board also seeks dismissal of plaintiff's claims to the extent she seeks punitive damages under Title VII or § 1983.

## A.

The Board argues that plaintiff did not name the Board as her employer in her EEOC charge, and that plaintiff has not exhausted her administrative remedies. Dkt. # 7, at 2. To proceed against a party with a Title VII claim, the plaintiff must name the defendant as his or her employer in an EEOC charge. Knowlton v. Teltrust Phones, Inc., 189 F.3d 1177, 1185 (10th Cir. 1999). The Tenth Circuit has recognized two narrow exceptions to this rule in situations when "the defendant was informally referred to in the body of the charge or where there is sufficient identity of interest

between the respondent and the defendant to satisfy the intention of Title VII that the defendant have notice of the charge and the EEOC have an opportunity to attempt conciliation." Romero v. Union Pac. R.R., 615 F.2d 1303 (10th Cir. 1980). In Romero, the Tenth Circuit stated four factors that should be considered when a plaintiff attempts to bring a Title VII lawsuit against a defendant not named in the plaintiff's EEOC charge:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named party are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

Id. at 1312 (quoting Glus v. G.C. Murphy Co., 562 F.2d 880, 888 (3d Cir. 1977)).

The Board's argument is meritless. The Court has reviewed plaintiff's EEOC charge and accompanying narrative, and plaintiff clearly names Glanz and the Board as her employers. Dkt. # 10-1, at 9 ("I, LaShonna Nelson, am a detention officer with the Tulsa County Sheriff's Department, Sheriff Stanley Glanz and the Board of County Commissioners for Tulsa County"); id. ("I believe that the above-described unfavorable treatment by the Sheriff's Department, Sheriff Stanley Glanz, and the Board of County Commissioners is the result of a company-wide, general pattern and practice of discrimination against African Americans . . ."); id. at 10 ("The Sheriff's Department, Sheriff Glanz, and the Board of County Commissioners have discriminated and continue to discriminate on the basis of race against African American employees . . ."). The Board claims that it did not receive notice of plaintiff's EEOC charge, but it appears that this was the result of administrative oversight rather than plaintiff's failure to identify the Board as her employer.

6

Plaintiff fully exhausted her administrative remedies before bringing this lawsuit against the Board, and the Court does not lack jurisdiction over plaintiff's Title VII claims against the Board.

**B.**

The Board argues that it has no statutory duty to hire, train, or supervise employees of the Sheriff's Office and that it cannot be held liable to plaintiff under § 1983.[1] Dkt. # 7, at 3. Glanz argues that plaintiff has not identified any specific conduct by Glanz that would give rise to a § 1983 claim based on supervisory liability, and plaintiff's § 1983 claim should be dismissed under Rule 12(b)(6). Dkt. # 4, at 2-5. Plaintiff responds that the Board has authority to inspect the jail where plaintiff is employed and has budgetary authority over the Sheriff's Office, and that this is sufficient to show that the Board was her employer. Dkt. # 10, at 4-5. Plaintiff also argues that Glanz was ultimately responsible for any employment polices adopted by the Sheriff's Office, and that she has adequately alleged that Glanz promulgated or adopted unconstitutional employment policies. Dkt. # 9, at 4-5.

Section 1983 provides a cause of action against state actors for violation of a plaintiff's federal rights. <u>Becker v. Kroll</u>, 494 F.3d 904, 914 (10th Cir. 2007). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting

---

[1] The Board's reply suggests that it may have intended to argue that it is not liable to plaintiff under Title VII and § 1983. However, the Board's motion to dismiss clearly states that it is moving to dismiss plaintiff's § 1983 claim only. Dkt. # 7, at 3. Plaintiff had no obligation to respond to the Board's broader argument and the Court will not reach the issue of the Board's potential liability under Title VII. In any event, Tenth Circuit precedent is clear that the issue of an entity's status as a joint employer under Title VII is a fact-intensive issue that should ordinarily be resolved on a motion for summary judgment. <u>Bristol v. Board of County Comm'rs of County of Clear Creek</u>, 312 F.3d 1213, 1219-20 (10th Cir. 2002).

under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Anderson v. Suiters, 499 F.3d 1228, 1232-33 (10th Cir. 2007). In the case of a municipal entity, the "under color of state law" element requires that the constitutional deprivation occurred pursuant to official policy or custom. See Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978). A municipal entity may be held liable for an act it has officially sanctioned, or for the actions of an official with final policymaking authority. Pembaur v. City of Cincinnati, 475 U.S. 469, 480, 482-83 (1986); see also City of St. Louis v. Praprotnik, 485 U.S. 112, 127-28 (1988). A claim against a state actor in his official capacity "is essentially another way of pleading an action against the county or municipality" he represents and is considered under the standard applicable to § 1983 claims against municipalities or counties. Porro v. Barnes, 624 F.3d 1322, 1328 (10th Cir. 2010).

Plaintiff has sued Glanz in his official and individual capacities. Dkt. # 2, at 5. Glanz is the Tulsa County Sheriff and Tenth Circuit precedent is clear that, for the purpose of a § 1983 claim, "a sheriff is responsible for the proper management of the jail in his county and the conduct of his deputies." Meade v. Grubbs, 841 F.2d 1512, 1528 (10th Cir. 1988). However, "mere negligence is insufficient to establish supervisory liability." Johnson v. Martin, 195 F.3d 1208, 1219 (10th Cir. 1999). To establish a claim of supervisory liability under § 1983, a plaintiff must plead and prove that "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." Dodds v. Richardson, 614 F.3d 1185 (10th Cir. 2010). In Dodds, the Tenth Circuit cited the Supreme Court's decision in Ashcroft v. Iqbal, 129 S. Ct. 1937 (10th Cir. 2009), and explained that a plaintiff must allege that the defendant's "individual actions cause a constitutional deprivation." Id. at 1200.

8

Although the Tenth Circuit did not expressly abrogate any of its precedent on supervisory liability, it recognized that Iqbal "may very well have abrogated § 1983 supervisory liability as we previously understood it in this circuit . . . ." Id.

Considering all of the allegations of plaintiff's petition, the Court finds that plaintiff has not stated a § 1983 claim against Glanz in his official or individual capacities. The petition alleges that plaintiff's immediate supervisors, not Glanz, discriminated against plaintiff in terms of promotion, pay increases, and discipline, and she claims that Glanz was ultimately responsible for these actions. Taking plaintiff's factual allegations as true, they are insufficient to establish an "affirmative link" between the adoption of an unconstitutional policy by Glanz and the conduct of his subordinates. Id. at 1200-01. The allegations of the petition would be sufficient to show that plaintiff's immediate supervisors may have engaged in racial discrimination, but plaintiff does not allege that the Sheriff's Office actually adopted a policy or custom authorizing or encouraging racial discrimination. Plaintiff alleges that the Sheriff's Office adopted employment practices with a disparate impact on African Americans. Dkt. # 2, at 7. However, § 1983 requires that a plaintiff prove an intentional deprivation of constitutional rights and "[d]isparate impact claims that do not 'raise a presumption of discriminatory purpose' are ' insufficient to sustain a cause of action under . . . [§ 1983].'" Drake v. City of Fort Collins, 927 F.2d 1156, 1162 (10th Cir. 1991). Plaintiff's allegations that the Sheriff's Office adopted policies that had a disparate impact on minorities do not raise a presumption of discriminatory purpose. Plaintiff will be granted leave to file an amended complaint if she can allege sufficient facts to state a § 1983 claim against Glanz. Specifically, plaintiff must be able to identify a specific policy adopted or promulgated by Glanz or the Sheriff's Office that deprived her of a constitutional right, and she must also have a sufficient basis to allege that Glanz acted to

deliberately and intentionally violate plaintiff's constitutional rights. Porro, 624 F.3d at 1327-28 (relying on Dodds for the proposition that a § 1983 claim against a state actor in a supervisory role is treated as any other § 1983 claim and "there is no concept of strict supervisor liability").

Plaintiff also attempts to assert a § 1983 claim against the Board for the alleged adoption of unconstitutional employment polices. However, plaintiff has no basis to proceed with a § 1983 claim against the Board because, as a matter of law, the Board is not a final policymaker for the Sheriff's Office and it cannot be held liable to plaintiff under § 1983 for the acts of employees of the Sheriff's Office. The Oklahoma Supreme Court has held that a board of county commissioners "has no duty to hire, train, supervise, or discipline county sheriffs or deputies" as a matter of Oklahoma law, and this prevents a plaintiff from suing a board of county commissioners under § 1983 for allegedly unconstitutional policies enacted by a sheriff. Estate of Crowell ex rel. Boen v. Board of County Comm'rs of County of Cleveland County, Oklahoma, 237 P.3d 134, 142 (Okla. 2010). Although the Oklahoma Supreme Court's decisions on federal law are not binding on this Court, Estate of Crowell is consistent with existing Tenth Circuit Precedent on this issue. Jantzen v. Hawkins, 188 F.3d 1247, 1259 (10th Cir. 1999) (affirming grant of summary judgment to Canadian County Board of County Commissioners as to § 1983 claims by sheriff's deputies, because the sheriff was the final policymaker and the sheriff was not controlled by the board of county commissioners). Plaintiff argues that the Board retains the authority to control plaintiff's pay and employee benefits, and that this could make the Board a joint employer for the purpose of federal employment discrimination laws. However, Oklahoma law is clear that the Board has no authority over employment practices at the jail where plaintiff is employed, the Board is not a proper party under § 1983.

## C.

Glanz and the Board argue that plaintiff's requests for punitive damages should be dismissed, because neither Title VII nor § 1983 allows the imposition of punitive damages against a governmental employer. Even though the Court has determined that plaintiff has not stated a § 1983 claim against Glanz, it is possible that she may file an amended complaint re-alleging this claim and the Court will consider Glanz's argument that he is not liable in his official capacity for punitive damages under § 1983. Plaintiff concedes that she may not seek punitive damages under Title VII or § 1983 against Glanz in his official capacity.[2] However, she argues that should be permitted to seek punitive damages against Glanz in his individual capacity under § 1983.

The law is settled that a plaintiff may not recover punitive damages against a municipality under §1983. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 270-71 (1981); Youren v. Tintic School Dist., 343 F.3d 1296, 1307 (10th Cir. 2003). A claim against a sheriff in his official capacity is treated as claim against a municipality, and punitive damages are not available in a § 1983 claim against a sheriff in his official capacity. Minix v. Canarecci, 597 F.3d 824, 830 (7th Cir. 2010); Colvin v. McDougall, 62 F.3d 1316, 1319 (11th Cir. 1995). However, a plaintiff may be able to recover punitive damages against a sheriff in his individual capacity, because a suit against a sheriff in his individual capacity is not treated as a claim against the municipality. See Smith v. Wade, 461 U.S. 30 (1983); Gaines v. Choctaw County Comm'n, 242 F. Supp. 3d 1153 (S.D. Ala. 2003);

---

[2] Plaintiff does not address the Board's argument that plaintiff cannot seek punitive damages from a governmental employer under Title VII. However, under 42 U.S.C. § 1981a(b)(1), it is clear that punitive damages may not be awarded against a governmental employer, and plaintiff has no basis to seek punitive damages from the Board for an alleged violation of Title VII. Thus, plaintiff's requests for punitive damages under Title VII should be dismissed as to the Board as well.

Scheideman v. Shawnee County Bd. of County Commr's, 895 F. Supp. 279, 283 (D. Kan. 1995). While plaintiff may not recover punitive damages against Glanz in his official capacity, her demand for punitive damages against Glanz in his individual capacity is not barred as a matter of law. Should plaintiff file an amended complaint re-alleging a § 1983 claim against Glanz, plaintiff may include a request for punitive damages against Glanz in his individual capacity only.

**IT IS THEREFORE ORDERED** that defendant Stanley Glanz's Partial Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(B)(6) [sic] and Brief in Support (Dkt. # 4) is **granted** and the Motion for Dismissal of Claims by Defendant Board of County Commissioners (Dkt. # 7) is **granted in part** and **denied in part**: plaintiff's § 1983 claim and her request for punitive damages under Title VII are dismissed as to Glanz and the Board, but the Board's request to dismiss plaintiff's Title VII claims against it for lack of subject matter jurisdiction is denied.

**IT IS FURTHER ORDERED** that plaintiff may, if there is a basis, file an amended complaint re-alleging her § 1983 claim against Glanz only, and seeking punitive against Glanz in his individual capacity, no later than **June 3, 2011**.

**DATED** this 31st day of May, 2011.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT