UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LA SHONNA NELSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-CV-0189-CVE-PJC |
| | ) | |
| STANLEY GLANZ, SHERIFF OF TULSA | ) | |
| COUNTY, in his individual and official | ) | |
| capacities, and BOARD OF COMMISSIONERS | ) | |
| OF TULSA COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Now before the Court is defendant Stanley Glanz's Second Partial Motion to Dismiss pursuant to Fed.R.Civ.P. 12(B)(6) [sic] and Brief in Support (Dkt. # 19). Glanz argues that plaintiff's amended complaint fails to state a claim against him under 42 U.S.C. § 1983, and this claim should be dismissed without leave to amend. Dkt. # 19, at 5-6. Plaintiff responds that she has alleged that Glanz was aware of alleged racial discrimination and failed to remedy the discrimination, and that these allegations are sufficient to state a § 1983 claim against Glanz. Dkt. # 19, at 4-5.

On March 4, 2011, plaintiff filed her petition in state court alleging that she is employed by the Tulsa County Sheriff's Office (Sheriff's Office) and is being discriminated against on the basis of her race. Dkt. # 2, at 5-14. Plaintiff is a detention officer employed by the Sheriff's Office, and she alleges that she was denied opportunity for promotion by her supervisors because of her race. Id. at 8. Plaintiff claims that she was subject to a hostile work environment and that her employer retaliated against her for reporting unlawful discrimination. Id. at 9, 12-13. Plaintiff also alleges

that Glanz violated her constitutional rights by failing to remedy this discrimination.[1] Id. at 9-10. Plaintiff alleges claims of racial discrimination against Glanz and the Tulsa County Board of County Commissioners under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII) based on theories of disparate treatment (First Claim), hostile work environment (Second Claim), disparate impact (Fourth Claim), and retaliation (Fifth Claim), and asserts a claim under § 1983 (Third Claim) alleging that defendants violated her constitutional rights. Id. at 5-13.

Each defendant filed a motion to dismiss some or all of plaintiff's claims and, inter alia, Glanz asked the Court to dismiss plaintiff's § 1983 claim against him. Dkt. # 4, at 2-5. The Court dismissed plaintiff's § 1983 claim against Glanz:

> Considering all of the allegations of plaintiff's petition, the Court finds that plaintiff has not stated a § 1983 claim against Glanz in his official or individual capacities. The petition alleges that plaintiff's immediate supervisors, not Glanz, discriminated against plaintiff in terms of promotion, pay increases, and discipline, and she claims that Glanz was ultimately responsible for these actions. Taking plaintiff's factual allegations as true, they are insufficient to establish an "affirmative link" between the adoption of an unconstitutional policy by Glanz and the conduct of his subordinates. Id. at 1200-01. The allegations of the petition would be sufficient to show that plaintiff's immediate supervisors may have engaged in racial discrimination, but plaintiff does not allege that the Sheriff's Office actually adopted a policy or custom authorizing or encouraging racial discrimination. Plaintiff alleges that the Sheriff's Office adopted employment practices with a disparate impact on African Americans. Dkt. # 2, at 7. However, § 1983 requires that a plaintiff prove an intentional deprivation of constitutional rights and "[d]isparate impact claims that do not 'raise a presumption of discriminatory purpose' are 'insufficient to sustain a cause of action under . . . [§ 1983].'" Drake v. City of Fort Collins, 927 F.2d 1156, 1162 (10th Cir. 1991). Plaintiff's allegations that the Sheriff's Office adopted policies that had a disparate impact on minorities do not raise a presumption of discriminatory purpose. Plaintiff will be granted leave to file an amended complaint if she can allege sufficient facts to state a § 1983 claim against Glanz. Specifically, plaintiff must be able to identify a specific policy adopted or promulgated by Glanz or the Sheriff's Office that deprived her of a constitutional right, and she must also have a sufficient

---

[1] The allegations of plaintiff's petition are described in greater detail in the Court's opinion and order (Dkt. # 16) ruling on defendants' motions to dismiss.

basis to allege that Glanz acted to deliberately and intentionally violate plaintiff's constitutional rights. [Porro v. Barnes, 624 F.3d 1322, 1327-28 (10th Cir. 2010)] (relying on [Dodds v. Richardson, 614 F.3d 1185 (10th Cir. 2010)] for the proposition that a § 1983 claim against a state actor in a supervisory role is treated as any other § 1983 claim and "there is no concept of strict supervisor liability").

Dkt. # 16, at 9-10. Plaintiff filed an amended complaint (Dkt. # 17) re-asserting a §1983 claim against Glanz, and she added one new allegation in support of her § 1983 claim:

> 25. Plaintiff contends that defendant Glanz was aware of widespread complaints of African Americans regarding hostile work environment and difference in treatment on the basis of race, like those of Plaintiff. Defendant Glanz was further aware that his subordinates, supervisors of the Sheriff's department, failed to remedy the discrimination and hostile work environment. As such, defendant Glanz himself, intentionally or with reckless indifference, failed to remedy the hostile work environment and difference in treatment on the basis of race.

Dkt. # 17, at 6. Glanz filed a motion to dismiss the § 1983 claim alleged in plaintiff's amended complaint. Dkt. # 19.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if

doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. Of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

Defendant argues that the § 1983 claim in plaintiff's amended complaint suffers from the same defects previously found by the Court, because plaintiff has failed to allege that Glanz intentionally and purposefully violated her constitutional rights. Dkt. # 19, at 5. Plaintiff responds that she has alleged that Glanz was aware of his subordinates' conduct and knowingly or with deliberate indifference allowed his subordinates to engage in racial discrimination, and this is sufficient to state a § 1983 claim for supervisory liability. Dkt. # 21, at 3.

To establish a claim of supervisory liability under § 1983, a plaintiff must allege that "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." Dodds v. Richardson, 614 F.3d 1185 (10th Cir. 2010). In Dodds, the Tenth Circuit cited the Supreme Court's decision in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), and explained that a plaintiff must allege that the defendant's "individual actions cause a constitutional deprivation." Dodds, 614 F.3d at 1200. After Iqbal, a plaintiff cannot state a § 1983 claim merely by alleging that a defendant acted "knowingly or with 'deliberate indifference' that a constitutional violation would occur" through the actions of

4

the defendant's subordinates, unless that is the state of mind required to prove a particular constitutional violation. Id. at 1204. It is not sufficient for a plaintiff to allege that a defendant is merely in charge of other state actors who allegedly violated a plaintiff's constitutional rights. Id. at 1195. This does not mean that a supervisor can no longer be held liable under § 1983, but a plaintiff must allege sufficient facts to show that a "deliberate, intentional act by the supervisor" caused a violation of the plaintiff's constitutional rights. Id.

Plaintiff's amended complaint fails to state a § 1983 claim against Glanz for the same reasons identified in the Court's prior opinion and order (Dkt. # 16). Plaintiff simply alleges that "Glanz was aware of widespread complaints" of discrimination and "was further aware that his subordinates . . . failed to remedy the discrimination." Plaintiff asks the Court to infer that Glanz's alleged failure to act shows that he "intentionally or with reckless indifference" violated plaintiff's constitutional rights. The Tenth Circuit has expressly determined that such allegations are not sufficient to state a supervisory liability claim against a state actor under § 1983. Dodds, 614 F.3d at 1204. Plaintiff seeks to hold Glanz strictly liable for alleged racial discrimination committed by his subordinates, but a supervisor is not subject to this type of liability under § 1983. See Porro, 624 F.3d at 1327-28; Serna v. Colorado Dep't of Corrections, 455 F.3d 1146, 1151 (10th Cir. 2006). Plaintiff claims that Glanz was aware of complaints of discrimination and failed to take action, but this not sufficient to support an inference that Glanz purposefully and intentionally engaged in racial discrimination. Thus, plaintiff's § 1983 claim should be dismissed and she will not be granted leave to file a second amended complaint re-alleging this claim.

**IT IS THEREFORE ORDERED** that defendant Stanley Glanz's Second Partial Motion to Dismiss pursuant to Fed.R.Civ.P. 12(B)(6) [sic] and Brief in Support (Dkt. # 19) is **granted**, and plaintiff's § 1983 claim against Glanz is **dismissed**.

**DATED** this 17th day of August, 2011.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT